IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Benjamin Walker as Personal           Civil Action No.:  2:22-cv-1181-RMG
Representative of the Estate of
Nathaniel Callahan,
          Plaintiff,

v.

National Railroad Passenger Corporation
d.b.a Amtrak,
          Defendant.

## COMPLAINT

NOW COMES Benjamin Walker as Personal Representative of the Estate of Nathaniel Callahan (hereineafter, "Plaintiff") and files this Complaint against National Railroad Passenger Corporation d.b.a. Amtrak ( hereinafter, "Defendant") showing unto the Court as follows:

### I. PARTIES

1. That Plaintiff is the father of Nathaniel Callahan (hereinafter "Decedent").

2. That Plaintiff is a citizen and resident of Charleston County, State of South Carolina.

3. That Plaintiff was duly appointed as the Personal Representative of the Estate of Nathaniel Callahan on April 22, 2021, by the Charleston County Probate Court.

4. That pursuant to S.C. Code § 15-51-20, the wrongful death beneficiary and claimant as defined by the S.C. Code §15-31-26(2) and under the applicable statutory common and case law of the State of South Carolina, Plaintiff initates this claim as set forth herein.

5. That Defendant is an out-of-state corporation and a common carrier incorporated and maintaining its principal office at 60 Massachusetts Avenue NE, Washington, D.C. 20002.

This Defendant may be served with process by and through its registered agent or authorized personnel, as allowed under the Federal Rules of Civil Procedure for service of process at its registered office located at National Railroad Passenger Corporation, 60 Massachusetts Avenue NE, Washington, D.C. 20002.

## II. JURISDICTION AND VENUE

6. That that this case is properly brought to the United Stated District Court for the District of South Carolina.

7. That jurisdiction is founded upon 28 U.S.C. §1332.

8. That Plaintiff, as Personal Representative of the Estate of Nathaniel Callahan, and Defendant are not domiciled within the same state.

9. That the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10. That venue is proper in Colleton County, South Carolina, pursuant to the South Carolina Tort Claims Act (S.C. Code Ann. § 15-7-10, et. seq.) as this is the location in which the subject of this action occurred.

## III. FACTUAL ALLEGATIONS

11. The allegations in each of the paragraphs above are incorporated by reference as if set forth verbatim.

12. Plaintiff alleges that Defendant is a passenger railroad service that provides rail passengers medium and long distrance intercity transporation throughout the United States.

13. That Decedent was thirty-eight (38) years old at the time of his death on January 26, 2020, and he maintained a career in the manufacturing industry.

14. That the Decedent was the biological father of four (4) minor children ages 9, 15, 17, and 18 years old and of one (1) adult son. Decedent was also the father figure to another minor child aged 17 to whom Decedent provided care from the time of the child's birth.

15. That Decedent purchased a ticket, and, on the morning January 26, 2020, he boarded an Amtrak train in Deland, Florida, heading to North Charleston, South Carolina, to spend quality time with his children, father, other family members, and friends.

16. That prior to January 26, 2020, Decedent had travelled by Amtrak at least three (3) times per year to visit his family and friends in South Carolina.

17. That Decedent informed the Plaintiff of his travel plans for the trip that is the subject of this action. Decedent also notified Plaintiff that he anticipated arriving at the Amtrak station in North Charleston, South Carolina, at approximately 9:30 p.m. on January 26, 2020.

18. That upon information and belief, Decedent was a ticketed passenger on the train, and he sat in close proximity to another ticketed passenger, Johnson Ibowu.

19. That upon information and belief, Decedent left his seat at some point during the trip. His personal belonging remained at the seat.

20. That upon information and belief, it was noticed that Decedent was no longer in his seat on the train. That upon information and belief, neither Defendant nor its employees, agents, or represenatives were able to locate Decedent for a signficiant period of time after his absence from his seat was noticed.

21. That upon information and belief, Defendant by and through its, employees, agents and/or representatives noticed that the exit door on the train was ajar. The door was subsequently closed by the Defendant through its, employees, agents and/or representatives.

22. Even after noticing that the Decedent was missing and that the exit door had been ajar, the Defendant, by and through its employees, agents and/or representatives did not stop the train. Further, the Plaintiff is informed that believes that the Defendant, by and through its employees, agents and/or representatives, did not immediately call 911 or alert the law enforcement about the fact that the Decedent was missing from his seat on the train.

23. That the Defendant by and through its employees, agents and/ or representatives did not properly monitor, supervise, or secure the exit doors to ensure the safety of its passengers, including the Decedent.

24. That upon information and belief, Decedent fell out of an exit door of the train that was ajar while the train was in motion which resulted in his death.

## IV. NEGLIGENCE

25. That Plaintiff incorporates the preceding allegations in paragraphs above as if fully set verbatim herein.

26. On or about January 26, 2020, Defendant acted negligently by violating its duty to exercise reasonable skill and care which was owed to Decedent pursuant to the existence of a relationship between the Defendant as a common carrier and Decedent as a passenger. Defendant failed to meet its responsibilities and duties to Decedent as a passenger in that as the train was travelling at the speed of approximately 79 miles per hour, Defendant failed to ensure that the exit doors were properly secured and restrained to ensure that passengers would be protected from sudden death resulting from falling from a speeding train.

27. Plaintiff intends to rely upon the presumption of negligence which arises from the fact of injury to a passenger by some instrumentality of the carrier, or upon some specific act of negligence on the part of the carrier not alleged in the complaint -- *Durst v. Southern Railway Co.*,

130 S.C. 165, 169 (S.C. 1924).

28. That at all relevant times, "a common carrier of passengers is due such passengers the highest degree of care..." *Singletary v. Atlantic Coast Line R. Co.*, 217 S.C. 212, 218 (S.C. 1950).

29. Plaintiff further alleges that the acts and/or omissions of Defendant that constitute negligence include, but are not limited to, the following:

    a. Defendant, by and through its employees, agents, and representatives failed to properly supervise its passengers, including Decedent, to ensure his safety while traveling by train operating at a high rate of speed;

    b. Defendant failed to provide adequate personnel to properly operate and secure the train and its passengers;

    c. Defendant failed to properly and safely manage, oversee, and coordinate the travel of its passengers, particularly Decedent, by ensuring that its trains and equipment would safeguard passengers;

    d. Defendant owed Decedent an independent duty of reasonable care and the Defendant's breach of that duty was a proximate cause of Plaintiff's damages resulting from the death of Decedent. Specifically, Plaintiff alleges that Defendant negligently created a dangerous situation, as set forth above, in failing to properly supervise its passengers including the Decedent; Defendant failed to follow safety guidelines in place to protect all passengers by securing its doors while the train was traveling at a high rate of speed; and

    e. Defendant failed to follow policies and procedures required by the Federal Railroad Administration when it failed to ensure all exterior doors were free

7

from defects and were equipped with the proper relay system to alert the train's staff of a malfunctioning door.

30. The foregoing acts or omissions, singularly or in combination with others, constitute negligence on the part of Defendant which proximately caused the injuries and damages which Plaintiff suffered.

V. **WRONGFUL DEATH**

31. That Plaintiff incorporates the preceding allegations in paragraphs above as if fully set verbatim.

32. That pursuant to S.C. Code Ann. § 15-51-10 (2013), "Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative."

33. That the Defendant's actions, by and through its employees, agents, and representatives caused the wrongful death of the Decedent, resulting in damages recoverable under S.C. Code Ann. § 15-51-10 (2013).

34. That Defendant, by and through its employees, agents, and representatives, failed to provide adequate support safeguarding the passengers on its train.

8

35. That Defendant, by and through its employees, agents, and representatives had a duty to operate the train and all of its mechanisms in a reasonablyprudent manner and failed to do so.

36. That Defendant, by and through its employees, agents, and representatives, had a duty of care to ensure that the exit doors were secured preventing passengers, including Decedent, from falling out of the moving train.

37. That Defendant, by and through its employees, agents, and representatives, failed to maintain a safe transportation source for its passengers which thereby breaching its duty of care.

38. That Defendant's failure to maintain a safe mode of transporation, by and through its employees, agents and representatives, was the immediate, direct and actual result of the Decedent's death.

39. That Defendant's failure, by and through its employees, agents, and representatives, to provide a safe mode of transportation including ensurieng that the exit doors were adequately and properly restrained at all times the train was in motion was the proximate and legal result of Decedent's death.

40. That as a result of the Defendant's negligence, Decedent's minor children, adult son, the Plaintiff, and other family members suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced for the rest of their lives.

41. That as a result of Defendant's negligence, Decedent's minor children have suffered loss of protection guidance and inheritance of their father.

42. That as a further consequence of Decedent's death caused by the Defendant, Decedent experienced pain and suffering prior to his death.

43. That Plaintiff has incurred the following expenses:

    a. Funeral and burial costs;

    b. Loss of income and potential earnings;

    c. Counseling services for the minor children and other immediate family members.

44. That as a direct and proximate result of the Defendant's wrongful and negligent act, Plaintiff is entitled to compensatory damages, including, but not limited to Decedent's physical and emotional pain and suffering, medical bills, funeral expenses, loss of his ability to earn income, counseling, and grief services for his minor children.

45. That as a direct and proximate result of Defendant's willful, wanton, reckless and wrongful act, Plaintiff is also entitled to punitive damages.

### VI. SURVIVAL ACTION

46. That Plaintiff incorporates the preceding allegations in paragraphs above as if fully set verbatim.

47. That the Decedent was forced to endure great conscious pain and suffering before his death; further under survival action of the laws of State of South Carolina, this action survives and is asserted by the Estate.

48. That Defendant, by and through its employees, agents and representatives, knew or reasonably should have known that operating a moving train without properly secured exit doors could result in severe injury or death of another person.

49. That Defendant willfully and recklessly disregarded any and all risks resulting in the foreseeable death of the Decedent.

50. That death was a foreseeable result of Defendant's reckless and negligent behavior in that the Defendant has had a number of deaths of passengers due to defective doors.

51. That as a direct and proximate result of Defendant's wrongful and negligent act, Plaintiff is entitled to compensatory damages.

52. That as a direct and proximate result of Defendant's willful, wanton, reckless and wrongful act, Plaintiff is also entitled to punitive damages.

### VII.  LOSS OF CONSORTIUM

53. That Plaintiff incorporates the preceding allegations in paragraphs above as if fully set verbatim.

54. That the Plaintiff, Benjamin Walker, is the surviving father of Decedent Callahan.

55. That the Decedent was the biological father of four (4) minor children ages 9, 15, 17, and 18 years old and one (1) adult son. Decedent was also the father figure to another minor child aged 17 to whom Decedent provided care from the time of the child's birth.

56. That during Decedent's lifetime, he established a special and close bond with his children.

57. That Decedent was actively involved in his children's life and offered invaluable guidance and protection for his children.

58. That as a direct and proximate result of the acts of negligence, gross negligence, recklessness, willfulness and wantonness of the Defendant, Plaintiff and Decedent's children suffered the loss of Decedent's support, companionship, advice, counsel, experience, knowledge, protection, services, and judgment in managing the affairs of himself and of his beneficiaries.

59. That all of which injuries and loss caused damage to the Plaintiff and to the children of the decedent in an amount to be determine by this Honorable Court.

## VIII. DAMAGES

60. As a proximate result of the Defendant's conduct, Plaintiff was severely and permanently injured resulting from the death of the Decedent.

61. Plaintiff is entitled to recover damages for the Decedent's past medical bills, past lost wages, future loss of earning capacity, pain and suffering, mental anguish, his past and future impairment and his past and future disfigurement.

## IX. PUNITIVE DAMAGES

62. Plaintiff alleges that the Defendants' actions referenced above showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences that Plaintiff is entitled to recover punitive damages, as authorized by SC Code § 15-32-530 (2013).

## X. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

63. Plaintiff seeks pre-judgment and post-judgment interest in the maximum amount allowed by law.

## XI. JURY DEMAND

64. Plaintiff hereby demands a trial by jury and tenders the appropriate fee.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants: (a) be cited to appear and answer herein, (b) and that upon final trial, Plaintiff recover of and from Defendant his actual damages as alleged herein, punitive damages, together with costs of suit, pre-judgment and post-judgment interest as allowed by the law, and (c) for such other relief, specific and general, at law and inequity, to which he may be justly entitled.

| | |
|---|---|
| **THE MLB LAW FIRM, LLC.** | **THE PIZARRO LAW FIRM, LLC** |
| s/Myesha L. Brown | s/Margie A. Pizarro |
| Myesha L. Brown, Esquire | Margie A. Pizarro, Esquire |
| Federal Bar No: 11006 | Federal Bar No.: 10412 |
| 7301 Rivers Avenue, Suite 175 | 712 North Cedar Street |
| North Charleston, South Carolina 29 | Summerville, South Carolina 29483 |
| (843) 894-7360 office | (843) 420-1191 office |
| (843) 894-7760 facsimile | (843) 755-4130 facsimile |
| Mbrown@themlblawfirm.com | Margie@pizarrolawfirm.com |

**ATTORNEYS FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Benjamin Walker as Personal Representative of the Estate of Nathaniel Callahan, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| National Railroad Passenger Corporation d.b.a Amtrak, | |
| Defendant. | |

## VERIFICATION

**PERSONALLY APPEARED** before me the undersigned Affiant whose statement below was duly sworn, and to which the affiant confirmed he knows the facts stated are true and of his own knowledge except those matters which are provided upon "information and belief" that he believes them to be true:

I, Benjamin Walker, as Personal Representative of the Estate of Nathaniel Callahan, states that I am the Plaintiff in this action. I have read the attached Complaint, and I know or believe the contents and allegations are true to the best of my knowledge, except for those matters stated which are alleged on information and belief.

_____
Benjamin Walker, as Personal Representative
of the Estate of Nathaniel Callahan

Sworn to and subscribed before me
This ___1___ day of __February__ 2022

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: July 25, 2028

RICHARDINE S. BROWN
Notary Public, State of South Carolina
My Commission Expires July 25, 2028